# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### WESTERN DIVISION

**UNITED STATES OF AMERICA** *et al.*                    **PLAINTIFFS**

**v.**                         **No. 4:80-cv-109-DPM**

**VERTAC CHEMICAL CORPORATION** *et al.*        **DEFENDANTS**

## ORDER

The Court appreciates the Receiver's final papers. The remainder of the February motion for fees, № *2638*, and the new motion for fees and final expenses, № *2669*, are granted. The motion to dissolve the Receivership, № *2671*, is granted. The superseded motion to dissolve, № *2670*, is denied as moot.

**1.** The Court approves the $3,488.00 payment to Clair Ramsay, for conducting the final accounting. This was efficient and excellent work.

**2.** The Court approves the $ 7,752.05 payment to the Receiver's counsel. This amount covers that part of a recent fee request held in abeyance, № *2648*, and compensates counsel for all work done through the final accounting.

**3.** The Court approves the $500.00 payment to Travis Bailey of Standard Abstract for his extraordinary efforts on the title issues.

**4.** The Court approves the $10,000.00 payment to the Receiver. No one

has objected.  The Receiver requested $7,500.00, but his lawyer says the Receiver deserves a bit more.  The Court agrees.  The Receiver has not been compensated since 1999.  He has put in extra time with counsel and the parties in the last two years to resolve the case.  And he has been a good steward of limited resources during the resolution efforts.  The total payment is reasonable in the circumstances.

5.  The Court approves the $5,000.00 donation to UALR to help offset the expenses of archiving the donated Vertac documents.

6.  The Court approves the deed, № 2671-1, reconveying from East Bay to the City of Jacksonville certain portions of tracts 4, 5, and 6, now subject to restrictive covenants.

7.  The Receiver shall pay any funds remaining in his hands to Hercules, Inc., whose subsidiary has assumed responsibility for the site.

With the execution of the settlement agreement, the termination of the 1982 Consent Decree, № 2663, and the Court's approval of the final expenses, the Receiver's work is almost done.  He shall file notice by 2 July 2013 that he has made all final payments directed in this Order.  Effective upon the filing of that notice, the Court discharges the Receiver, releases his bond and surety (United States Fidelity and Guaranty Company), № 701, and terminates the

-2-

Receivership. The Court thanks the Receiver for his many years of good

work. The Court directs the Clerk to close this case.

So Ordered.

_D.P. Marshall Jr._
D.P. Marshall Jr.
United States District Judge

24 June 2013